Holán, P. J., Carswell, Johnston and MacCrate, JJ., concur; Wenzel, J., dissents and votes to affirm the order of the Special Term, with the following memorandum: This employee was engaged in the office of the petitioner-respondent in a confidential capacity. On his own admission, he was guilty of a breach of trust in divulging information which came to him because of that position of confidence. To compel his re-employment (which even his union does not ask) does violence to every principle of fair dealing between an employer and an employee. The trial examiner and the Justice at Special Term have found (and the minutes amply support this conclusion) that he was discharged not for union activities but for a breach of trust. I find no basis for the board’s conclusion that the employer required “its employees, as a condition of employment, to refrain from forming [or] joining” a labor organization or was guilty of “ discouraging membership ” in the teamsters’ union nor its finding of fact that “ Schledorn was discharged because he had joined and assisted the Union and was active on its behalf.” As to the board’s eighth finding, it should be noted that the union’s contract with' the employer covered only chauffeurs and repairshop employees, neither of which Schledorn was, so that the alleged threat “I will not pay you union wages and you can leave” has no meaning, no wage scale having been fixed. [See post, p. 966.]